MELVIN, WOODROW M., Sr., Associate Judge.
Appellants sought to quiet title to certain lands in Duval County, and deraigned their title from a Spanish grant to John McQueen in the year 1792, known locally as “Greenfield”. The grant designated the East boundary thereof as being the “marshes and Pablo Creek”. When the grant was prepared by representatives of Spain, the system of land measurements of Section, Township and Range was not then employed. Florida, by the Treaty of Amity Settlement and Limits of 1819 with Spain, acquired title to all swamps and overflow lands in Florida, and these lands were subsequently conveyed to the State of Florida.
The State of Florida conveyed to appel-lee’s predecessors in title the following described land:
“The North two thousand (2000) feet of the unsurveyed or marsh part of Section Twelve (12), Township Two (2) South, Range Twenty Eight (28) East . containing 50 acres more or less”.
The only official United States survey of the lands in question reveals that the surveyor designated the John McQueen grant as being located in Section 37, Township 2 South, Range 28 East. Section Twelve is designated as being adjacent to and East of Section 37, so that the East line of Section 37 is the West line of Section 12.
The official plat referred to reveals that Pablo Creek meanders briefly back and forth across the East line of Section 37 and into Section 12. Evidentiary documents and supporting testimony were thoroughly considered in the trial proceedings, from which the trial court concluded in a detailed final judgment, finding all of Appellants’ property to be located in Section 37; that the Appellants had failed, by the required measure of proof, to establish their title to any lands in Section 12; that Appellee prevailed over Appellants as to color of title and adverse possession as to any properties in Section 12.
We have thoroughly considered the record and find that the same fails to sustain the trial court as to Appellee’s color of title and adverse possession concerning the land hereinnow designated.
We hold as a matter of law that the protrusions of Pablo Creek eastward and across the East line of Section 37 into Section 12 are a portion of the John McQueen grant and such land so located in Section 12 was and is the property of the Appellants. The location of the East boundary of Section 37 cannot serve to restrict the full effect of the original grant as being to the “marshes and Pablo Creek on the East”. Delineated boundaries of the Spanish Grant speak for themselves.
Reversed with direction to enter judgment consistent with the view herein expressed.
RAWLS, Acting C. J., and BARKDULL, THOMAS H., Jr., Associate Judge, concur.